1  AARON M. CLEFTON, Esq.  (SBN 318680)
   CLEFTON DISABILITY LAW
2  2601 Blanding Ave, Suite C
   #336
3  Alameda, CA 94501
   Telephone:  510/832-5001
4  info@cleftonlaw.com

5  Attorneys for Plaintiff
   ARTHUR RENOWITZKY
6

7              UNITED STATES DISTRICT COURT

8              NORTHERN DISTRICT OF CALIFORNIA

9

10  ARTHUR RENOWITZKY,              CASE NO. 5:25-cv-9825
                                    Civil Rights
11        Plaintiff,
                                    COMPLAINT FOR PRELIMINARY AND
12     v.                           PERMANENT INJUNCTIVE RELIEF AND
                                    DAMAGES:
13  CAPERS LOFT, LLC dba LOFT BAR &
    BISTRO; GENESIS GROUP, a California  1.  **Violations of Americans with Disabilities**
14  Partnership,                           **Act of 1990 (42 U.S.C. § 12101 *et seq.*)**

15        Defendants.                2.  **Violation of the California Unruh Act (Cal.**
                                         **Civil Code §§ 51 and 52)**
16
                                    3.  **Violation of the California Disabled**
17                                       **Persons Act (Cal. Civil Code § 54 *et seq.*)**

18                                  DEMAND FOR JURY TRIAL
19

20        Plaintiff ARTHUR RENOWITZKY complains of Defendants CAPERS LOFT, LLC dba

21  LOFT BAR & BISTRO; GENESIS GROUP, a California Partnership, and each of them, and

22  alleges as follows:

23        1.     **INTRODUCTION:**  Defendants denied Plaintiff, a paraplegic wheelchair user, an

24  accessible path of travel to the roof top patio, an accessible bar, and accessible tables at Loft Bar

25  & Bistro ("Loft") located 90, San Jose, California 95113. On June 13, 2025, and August 30, 2025,

26  and deterred him from celebration Halloween there, because Defendants use their accessible

27  wheelchair lift a storage area for chairs.  Plaintiff originally went to the Loft to meet up with

28  friends and family. On both occasions, Plaintiff was denied an accessible path of travel to various

                                    1

areas of the Loft. On June 13, 2025, Plaintiff attempted to meet up with his family and friends on the rooftop area of the Loft, but was blocked by a wheelchair lift that was inoperable and used for storage. On August 30, 2025, Plaintiff went to the Loft with friends, but he was unable to get to the second floor or the rooftop area of the bar because the elevator was inoperable. What should have been two joyous occasions celebrating with family and friends became embarrassing, isolating and unpleasant experiences that cut Plaintiff's nights short. He had planned to see if these were isolated incidents, but learned from his investigator that the venue repeatedly uses the wheelchair lift as a storage space, deterring him from retuning to celebrate Halloween on October 31, 2025.

2.       The discrimination caused Plaintiff difficulty, discomfort and embarrassment from the exclusion he felt due to the lack of accessible paths of travel throughout the Loft. Plaintiff was isolated from his family and friends due to the limited accessible paths of travels at the Loft, and he suffered the humiliating loss of his federal and state civil rights because the Defendants, owners and operators of these particular facilities, failed to provide the most basic access for disabled persons.

3.       Plaintiff seeks to require Defendants to make these facilities accessible and to enact policies and procedures that ensure that the accessible features at the property are properly maintained as accessible.  In addition to requiring that Defendants' facilities be made more accessible to disabled persons, as required by federal and state laws, Plaintiff seeks compensation for his personal damages, and recovery of statutory attorneys' fees, litigation expenses and costs incurred for bringing this action.

4.       Defendants denied disabled Plaintiff Arthur Renowitzky accessible public facilities, including accessible paths of travel, accessible seating, and a bar at an accessible height for Plaintiff to use at the Loft Bar & Bistro.  Plaintiff Arthur Renowitzky is a "person with a disability" or "physically handicapped person" who requires the use of a wheelchair for mobility. He is unable to use portions of public facilities which are not accessible to mobility disabled persons.  On or about June 13, 2025, and August 30, 2025, Plaintiff was denied his rights to full and equal access at the Loft.  He was denied his civil rights under both California law and federal

law, and continues to have his rights denied, because these facilities were not, and are not now, properly accessible to physically disabled persons, including those who use a wheelchair or other assistive devices for mobility due to the failure of Defendants who are owners and operators of the facilities to comply with the law.

5.      **JURISDICTION:**  This Court has jurisdiction of this action pursuant to 28 USC section 1331 for violations of the Americans with Disabilities Act of 1990, 42 USC sections 12101 *et seq.*  Pursuant to pendant jurisdiction, attendant and related causes of action arising from the same facts are also brought under California law, including but not limited to violations of Health & Safety Code sections 19953-19959; California Civil Code sections 51, 52, 54, 54.1, 54.3 and 55; and Title 24 California Code of Regulations, the California State Building Code.

6.      **VENUE:**  Venue is proper in this court pursuant to 28 USC section 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's causes of action arose in this district.

7.      **INTRADISTRICT:**  This case should be assigned to the San Jose intradistrict as the real property which is the subject of this action is located in this intradistrict and Plaintiff's causes of action arose in this intradistrict.

8.      **PARTIES:**  Plaintiff is a qualified physically disabled person who cannot walk due to paraplegia and who requires use of a wheelchair for locomotion.  He also owns a disabled licensed vehicle which entitles him to park in a properly configured disabled accessible parking space.  He has been issued a California state placard for disabled parking.

9.      Defendants CAPERS LOFT, LLC dba LOFT BAR & BISTRO; GENESIS GROUP, a California Partnership, are and were the owners, operators, lessors and/or lessees of the subject business, property and buildings at all times relevant to this Complaint.  Plaintiff is informed and believes that each of the Defendants herein is the agent, employee or representative of each of the other Defendants, and performed all acts and omissions stated herein within the scope of such agency or employment or representative capacity and is responsible in some manner for the acts and omissions of the other Defendants in proximately causing the damages

1    complained of herein.

2         10.    The Loft is a place of "public accommodation" and "business establishment"

3    subject to the requirements of 42 USC section 12181(7)(B) of the Americans with Disabilities

4    Act of 1990; of California Health & Safety Code sections 19953 *et seq.*; of California Civil Code

5    sections 51 *et seq.*; and of California Civil Code sections 54 *et seq*.  On information and belief,

6    The Dirty Bird Lounge and its facilities were built after July 1, 1970, and since then have

7    undergone construction and/or "alterations, structural repairs, or additions," subjecting each such

8    facility to disabled access requirements per Health & Safety Code sections 19953-19959 *et seq.*,

9    and, as to construction and/or alterations since January 26, 1993, to the disabled access

10   requirements of section 12183 of the Americans with Disabilities Act of 1990.  Such facilities

11   constructed or altered since 1982 are also subject to "Title 24," the California State Architect's

12   Regulations, also known as the California Building Code.  Further, irrespective of the alteration

13   history, such premises are subject to the "readily achievable" barrier removal requirements of

14   Title III of the Americans with Disabilities Act of 1990, as defined by the ADA. 42 USC §

15   12181(9).

16        11.    **FACTUAL STATEMENT**: On or about June 13, 2025, Plaintiff went to the Loft

17   in downtown San Jose, California, to meet his cousin, Jacob, and a friend, Marcel. Plaintiff's

18   cousin was visiting from out of town and was socializing with friends on the rooftop level of the

19   Loft. Plaintiff had not seen his cousin for several years, and he was anticipating catching up with

20   him and having a fun evening. Plaintiff arrived at the venue and waited in line for entry. Upon

21   reaching the front, he was subjected to a security screening in which the security staff opened his

22   bag and removed personal medical items, including catheters, placing them in view of other

23   patrons which caused Plaintiff embarrassment and unwanted public attention.

24        12.    After entering the Loft, Plaintiff encountered significant difficulty navigating

25   through the extremely crowded environment. Drinks were spilled on him as he attempted to make

26   his way toward the elevator. Plaintiff was able to locate and use the elevator to reach the second

27   floor, where he purchased a drink at a bar. He was not served at a lowered counter or accessible

28   service area which made it difficult for Plaintiff to communicate with the bartender and pay for

his beverage.

13.     Plaintiff then attempted to continue to the rooftop level where his cousin was socializing with friends. Upon reaching the lift intended to provide access between the second floor and the rooftop area of the Loft, Plaintiff discovered that the wheelchair lift was out of order because it was being used as a storage area. The lift was covered with chairs and other items, making it impossible for a wheelchair user to enter the lift. A photo of the condition that night is included below.



14.     Plaintiff asked staff how he could reach the rooftop area of the Loft, but security staff informed him that he could only remain on the first or second floor because the lift was unavailable.

15.     Plaintiff was unable to contact his cousin to let him know that he was unable to get to the rooftop area, so he was forced to stay on the second level, isolated from his friends and family celebrating on the roof.

16.     Plaintiff had the need to use the restroom, but he found the second floor restroom

was out of order or otherwise unavailable. Plaintiff requested assistance from employees and

security but none was provided. Unable to access an appropriate restroom, he experienced a

bodily functions accident. Plaintiff left the Loft without being able to see his cousin, feeling

excluded, embarrassed, and frustrated by the lack of accessibility and staff indifference.

17.    On or about August 30, 2025, Plaintiff was in San Jose attending an event for his

cousin, Andrea, who was opening a new business in downtown San Jose. Plaintiff was there with

several friends, and after the event they all wanted to celebrate. His friends floated the idea of

going to the Loft, and despite Plaintiff's previous negative experience there, Plaintiff agreed to go

to the Loft to avoid having to explain the difficulty he had experienced at his previous visit.

18.    The group entered the Loft and remained on the first floor for a bit. Plaintiff

noticed another woman in a wheelchair near the entrance, and he greeted her briefly before

attempting to use the elevator to reach the second level. There was a DJ playing music on the

second floor, and most of the patrons were up there dancing and having fun. Unfortunately,

Plaintiff found that the elevator was out of service. Plaintiff's friend, Ivania, spoke with the head

of security for the Loft to request assistance in getting Plaintiff to the second floor. However, she

and Plaintiff were informed that there was no way for wheelchair users to access the upstairs area

and that "wheelchair users can only hang out downstairs."

19.    Plaintiff was extremely disappointed that he was not able to go upstairs where

most of the amenities were in the Loft. He once again spoke with the other patron in a wheelchair,

who told him that she was a regular patron at the Loft. She informed Plaintiff that the elevator had

been out of service for more than a month. Plaintiff joined her in the downstairs area, where they

both remained excluded from the main activity.

20.    Plaintiff went the bar to order a beverage. The first-floor bar also had no lowered

counter or accessible service area which made it difficult for Plaintiff to order and pay for his

items. Plaintiff attempted to use the restroom but was unable to do so due to the long line and lack

of adequate accommodations. Ultimately, he had to leave the establishment and catheterize

himself in his vehicle outside, causing further humiliation and distress.

21.    Plaintiff's investigator also went to the Loft to confirm Plaintiff's allegations of

inaccessible features at the bar. On August 7, 2025, and August 16, 2025, Plaintiff's investigator

confirmed that the elevator to the second floor was not working and that the wheelchair lift to the

rooftop was not operating and used for storage, as depicted below.  The fact there is a permanent

chain installed that is used to block the lift, in addition to repeatedly filling it with chairs, is

indicative of Defendants' attitude toward disabled patrons.



22.     Hoping that these were isolated incidents, Plaintiff made plans to attend a

Halloween event on October 31, 2025. However, not wanting to make the futile gesture of

returning if it was not accessible, he sent his investigator out to determine if the lack of lift

maintenance was a regular pattern and practice by Defendant.

23.     On October 24, 2025, Plaintiff's investigator returned and confirmed that the

7

1    wheelchair lift to the rooftop was still not functional and used for storage. The investigator found

2    this to be the case even though the venue was relatively empty.



18    24.    Additionally, Plaintiff's investigator found that there was insufficient accessible

19    seating at the Loft, the bar areas lacked lowered sections of the bar or those sections were used as

20    staging areas for staff rather than for serving disabled customers, and that there were some

21    accessibility issues in the restrooms.

22    25.    Having learned of the continued issues with the lift, and additional barriers in the

23    bathroom and tables, Plaintiff canceled his plans on October 31 to visit the Loft, and was

24    specifically deterred from returning on that occasion.  He is also further deterred from returning

25    generally as a result.

26    26.    The lack of accessible features at the Loft was very disappointing for Plaintiff. He

27    wishes to return to the Loft because he liked the vibe of the bar and many of his friends and

28    family live in the San Jose area and frequent the Loft. However, Plaintiff cannot return to the Loft

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

1    until the premises is made accessible to disabled individuals such as himself.

2        27.    Defendants have failed to provide an accessible path of travel to all areas of the

3    Loft due to their lack of a policy for maintenance of their wheelchair lift and elevator.  Creating a

4    policy of regular maintenance and of not using the wheelchair lift for storage would cost

5    Defendants very little.  Additionally, accessible tables throughout the seating areas in the Loft

6    would likely cost less than $1,000, and providing an accessible lowered section for disabled

7    individuals to place an order at the bar would likely cost less than $1,000.  Each of these are easy

8    to do and do not cost very much to accomplish, and the benefit to disabled persons and Plaintiff is

9    the ability to use the facility safely and independently. More than 34 years after the ADA requires

10    such barriers to be removed, they should have been by now.

11        28.    The above referenced barriers to access are listed without prejudice to Plaintiff

12    citing additional barriers to access by an amended complaint after inspection by Plaintiff's access

13    consultant. *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903 (9th Cir. 2011); *Doran v. 7-Eleven, Inc.*

14    524 F.3d 1034 (9th Cir. 2008); *Chapman v. Pier One Imports (USA), Inc.*, 631 F.3d 939 (9th Cir.

15    2011).  All of these barriers to access render the premises inaccessible to physically disabled

16    persons who are mobility impaired, such as Plaintiff, and are barriers Plaintiff may encounter

17    when he returns to the premises.  All facilities must be brought into compliance with all

18    applicable federal and state code requirements, according to proof.

19        29.    Further, each and every violation of the Americans with Disabilities Act of 1990

20    also constitutes a separate and distinct violation of California Civil Code section 54(c) and

21    54.1(d), thus independently justifying an award of damages and injunctive relief pursuant to

22    California law, including but not limited to Civil Code sections 54.3 and 55.

23                    **FIRST CAUSE OF ACTION:**
      **VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990**
24                   **42 USC §§ 12101 *et seq***

25        30.    Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein,

26    the allegations contained in Paragraphs 1 through 29 of this Complaint and incorporates them

27    herein as if separately re-pleaded.

28        31.    In 1990 the United States Congress made findings that laws were needed to more

fully protect "some 43,000,000 Americans [with] one or more physical or mental disabilities;" that "historically, society has tended to isolate and segregate individuals with disabilities;" that "such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;" that "the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals;" and that "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous..." 42 U.S.C. §12101.

32.    Plaintiff is a qualified individual with a disability as defined in the Rehabilitation Act and in the Americans with Disabilities Act of 1990.

33.    In passing the Americans with Disabilities Act of 1990 (hereinafter "ADA"), Congress stated as its purpose:

It is the purpose of this Act

(1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities;

(3) to ensure that the Federal Government plays a central role in enforcing the standards established in this Act on behalf of individuals with disabilities; and

(4) to invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 USC § 12101(b).

34.    As part of the ADA, Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (42 USC § 12181 *et seq.*).  The subject property and facility is one of the "private entities" which are considered "public accommodations" for purposes of this title, which includes but is not limited to any "restaurant, bar, or other establishment serving food or drink." 42 USC § 12181(7)(B).

35.    The ADA states that "No individual shall be discriminated against on the basis of

disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation." 42 U.S.C. § 12182.  The specific prohibitions against discrimination include, but are not limited to the following:

§ 12182(b)(1)(A)(ii): "Participation in Unequal Benefit. - It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals."

§ 12182(b)(2)(A)(ii): "a failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities...;"

§ 12182(b)(2)(A)(iii): "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied service, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services...;"

§ 12182(b)(2)(A)(iv): "a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities... where such removal is readily achievable;"

§ 12182(b)(2)(A)(v): "where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable."

The acts and omissions of Defendants set forth herein were in violation of Plaintiff's rights under the ADA and the regulations promulgated thereunder, 28 C.F.R. Part 36 *et seq.*

36.    The removal of each of the physical barriers complained of by Plaintiff as hereinabove alleged, were at all times herein mentioned "readily achievable" under the standards of sections 12181 and 12182 of the ADA.  As noted hereinabove, removal of each and every one of the architectural and/or policy barriers complained of herein were already required under California law.  Further, on information and belief, alterations, structural repairs or additions

since January 26, 1993, have also independently triggered requirements for removal of barriers to access for disabled persons per section 12183 of the ADA.  In the event that removal of any barrier is found to be "not readily achievable," Defendants still violated the ADA, per section 12182(b)(2)(A)(v) by failing to provide all goods, services, privileges, advantages and accommodations through alternative methods that were "readily achievable."

37.     The ability to safely and independently travel throughout a space is fundamental to enjoying and using any establishment. Therefore, the benefits of creating these accessible features do not exceed the costs of readily achievable barrier removal. These costs are fundamental to doing business, like any other essential function of operating a bar or restaurant, such as the costs of ensuring fire safety.  It is thus readily achievable to remove these barriers.

38.     On information and belief, as of the dates of Plaintiff's encounters at the premises and as of the filing of this Complaint, Defendants' actions, policies, and physical premises have denied and continue to deny full and equal access to Plaintiff and to other mobility disabled persons in other respects, which violate Plaintiff's right to full and equal access and which discriminate against Plaintiff on the basis of his disabilities, thus wrongfully denying to Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations, in violation of 42 U.S.C. sections 12182 and 12183 of the ADA.

39.     Defendants' actions continue to deny Plaintiff's rights to full and equal access by deterring Plaintiff from patronizing the Loft and discriminated and continue to discriminate against him on the basis of his disabilities, thus wrongfully denying Plaintiff the full and equal enjoyment of Defendants' goods, services, facilities, privileges, advantages and accommodations, in violation of section 12182 of the ADA.  42 U.S.C. § 12182.

40.     Pursuant to the Americans with Disabilities Act, 42 U.S.C. sections 12188 *et seq.,* Plaintiff Arthur Renowitzky is entitled to the remedies and procedures set forth in section 204(a) of the Civil Rights Act of 1964, 42 USC 2000(a)-3(a), as Plaintiff is being subjected to discrimination on the basis of her disabilities in violation of sections 12182 and 12183 of this title.  On information and belief, Defendants have continued to violate the law and deny the rights of Plaintiff and other disabled persons to "full and equal" access to this public accommodation

since on or before Plaintiff's encounters.  Pursuant to section 12188(a)(2)

> [i]n cases of violations of § 12182(b)(2)(A)(iv) and § 12183(a)... injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title.  Where appropriate, injunctive relief shall also include requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods, to the extent required by this title.

41.    Plaintiff seeks relief pursuant to remedies set forth in section 204(a) of the Civil Rights Act of 1964 (42 USC 2000(a)-3(a)), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990.  Plaintiff Arthur Renowitzky is a qualified disabled person for purposes of section 12188(a) of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing he will be subjected to such discrimination each time that he may use the property and premises, or attempt to patronize the Loft, in light of Defendants' policies and physical premises barriers.

WHEREFORE, Plaintiff requests relief as outlined below.

**SECOND CAUSE OF ACTION:**
**VIOLATION OF CALIFORNIA LAW INCLUDING: THE UNRUH ACT, CIVIL CODE SECTIONS 51 AND 52, AND THE AMERICANS WITH DISABILITIES ACT AS INCORPORATED**
**BY CIVIL CODE SECTION 51(f)**

42.    Plaintiff re-pleads and incorporates by reference, as if fully set forth hereafter, the factual allegations contained in Paragraphs 1 through 41 of this Complaint and incorporates them herein as if separately re-pleaded.

43.    At all times relevant to this complaint, California Civil Code section 51 has provided that physically disabled persons are free and equal citizens of the state, regardless of medical condition or disability:

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, *disability, or medical condition* are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

Civil Code § 51(b). [Emphasis added.]

44.    California Civil Code section 52 provides that the discrimination by Defendants

1    against Plaintiff on the basis of his disability constitutes a violation of the general anti-

2    discrimination provisions of sections 51 and 52.

3    45.    Each of Defendants' discriminatory acts or omissions constitutes a separate and

4    distinct violation of California Civil Code section 52, which provides that:

5        Whoever denies, aids or incites a denial, or makes any discrimination or distinction
         contrary to section 51, 51.5, or 51.6 is liable for each and every offense for the
6        actual damages, and any amount that may be determined by a jury, or a court sitting
         without a jury, up to a maximum of three times the amount of actual damage but in
7        no case less than four thousand dollars ($4,000), and any attorney's fees that may
         be determined by the court in addition thereto, suffered by any person denied the
8        rights provided in Section 51, 51.5, or 51.6.

9    46.    Any violation of the Americans with Disabilities Act of 1990 also constitutes a

10   violation of California Civil Code section 51(f), thus independently justifying an award of

11   damages and injunctive relief pursuant to California law, including Civil Code section 52.  Per

12   Civil Code section 51(f), "A violation of the right of any individual under the Americans with

13   Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section."

14   47.    The actions and omissions of Defendants as herein alleged constitute a denial of

15   access to and use of the described public facilities by physically disabled persons within the

16   meaning of California Civil Code sections 51 and 52.  As a proximate result of Defendants'

17   action and omissions, Defendants have discriminated against Plaintiff in violation of Civil Code

18   sections 51 and 52, and are responsible for statutory, compensatory and treble damages to

19   Plaintiff, according to proof.

20   48.    **FEES AND COSTS:**  As a result of Defendants' acts, omissions and conduct,

21   Plaintiff has been required to incur attorney fees, litigation expenses and costs as provided by

22   statute in order to enforce Plaintiff's rights and to enforce provisions of law protecting access for

23   disabled persons and prohibiting discrimination against disabled persons.  Plaintiff therefore

24   seeks recovery of all reasonable attorney fees, litigation expenses and costs pursuant to the

25   provisions of California Civil Code sections 51 and 52.  Additionally, Plaintiff's lawsuit is

26   intended to require that Defendants make its facilities and policies accessible to all disabled

27   members of the public, justifying "public interest" attorney fees, litigation expenses and costs

28   pursuant to the provisions of California Code of Civil Procedure section 1021.5 and other

1  applicable law.

2       WHEREFORE, Plaintiff prays for damages and injunctive relief as hereinafter

3  stated.

4  ### THIRD CAUSE OF ACTION:
   ### DAMAGES AND INJUNCTIVE RELIEF

5  ### FOR DENIAL OF FULL AND EQUAL ACCESS TO PUBLIC FACILITIES IN A
   ### PUBLIC ACCOMMODATION

6  ### (California Health & Safety Code §§ 19955 *et seq*; Civil Code §§ 54 *et seq.*)

7       49.    Plaintiff repleads and incorporates by reference, as if fully set forth again herein,

8  the factual allegations contained in Paragraphs 1 through 48, above, and incorporates them herein

9  by reference as if separately repled hereafter.

10      50.    Plaintiff Arthur Renowitzky and other similarly situated physically disabled

11 persons, including those who require the use of an assistive device for mobility, are unable to use

12 public facilities on a "full and equal" basis unless each such facility is in compliance with the

13 provisions of California Health & Safety Code sections 19955 -19959.  Plaintiff is a member of

14 that portion of the public whose rights are protected by the provisions of Health & Safety Code

15 sections 19955 *et seq.*  Further, Plaintiff is also protected against policy and architectural barrier

16 discrimination by California Civil Code sections 54 and 54.1, the "Disabled Persons Act."

17 "Individuals with disabilities or medical conditions have the same right as the general public to

18 the full and free use of the streets, highways, sidewalks, walkways, public buildings, medical

19 facilities, including hospitals, clinics, and physicians' offices, public facilities, and other public

20 places."  Civil Code § 54(a).  Furthermore, "Individuals with disabilities shall be entitled to full

21 and equal access, as other members of the general public, to accommodations, advantages,

22 facilities . . . places of public accommodation, amusement, or resort, and other places to which the

23 general public is invited."  Civil Code § 54.1(a).  Additionally, any violation of the ADA,

24 including but not limited to any violation of 42 USC sections 12182 and 12183, is also

25 incorporated as a violation of the Disabled Persons Act.  Civil Code §§ 54(c), and 54.1(d).

26      51.    Title 24, California Code of Regulations, formerly known as the California

27 Administrative Code and now also known as the California Building Code, was in effect at the

28 time of each alteration which, on information and belief, occurred at such public facility since

January 1, 1982, thus requiring access complying with the specifications of Title 24 whenever each such "alteration, structural repair or addition" was carried out. On information and belief, Defendants and/or their predecessors in interest carried out new construction and/or alterations, structural repairs, and/or additions to such buildings and facilities during the period Title 24 has been in effect. Further, Plaintiff alleges, on information and belief, that construction, alterations, structural repairs, and/or additions which triggered access requirements at all relevant portions the Loft, also occurred between July 1, 1970, and December 31, 1981, and required access pursuant to the A.S.A. (American Standards Association) Regulations then in effect, pursuant to the incorporated provisions of California Government Code sections 4450 *et seq*. Further, on information and belief, additions to the building after the initial construction also occurred after January 1, 1972, triggering access requirements per Health and Safety Code section 19959. Alterations or additions after January 26, 1993 trigger ADA liability and requirements per 42 USC sections 12182 and 12183 of the ADA.

52.     **INJUNCTIVE RELIEF:** Plaintiff seeks injunctive relief to prohibit the acts and omissions of Defendants as complained of herein which are continuing on a day-to-day basis and which have the effect of wrongfully excluding Plaintiff and other members of the public who are physically disabled from full and equal access to these public facilities. Such acts and omissions are the cause of humiliation and mental and emotional suffering of Plaintiff in that these actions continue to treat Plaintiff as an inferior, and second-class citizen. They serve to discriminate against him on the sole basis that he is a person with disabilities who requires the use of a wheelchair or other assistive device for movement in public places.

53.     Plaintiff is deterred from returning to use these facilities, because the lack of access will foreseeably cause him further difficulty, discomfort and embarrassment, and Plaintiff is unable, so long as such acts and omissions of Defendants continue, to achieve equal access to and use of these public facilities. Therefore, Plaintiff cannot return to patronize the Loft and its facilities, and is deterred from further patronage until these facilities are made properly accessible for disabled persons. Plaintiff intends to return subject premises to eat and drink at the Loft. He will return to the subject premises if it is made accessible to him.

54.     The acts of Defendants have proximately caused and will continue to cause irreparable injury to Plaintiff if not enjoined by this Court.  Plaintiff seeks injunctive relief as to all inaccessible areas of the premises that she has personally encountered, and, as to all areas identified during this litigation by Plaintiff's access consultant, that he or other physically disabled persons may encounter in the future.  *Doran v. 7-Eleven, Inc.,* 524 F.3d 1034 (9th Cir. 2008); *Chapman v. Pier One Imports (USA), Inc.,* 631 F. 3d 939 (9th Cir. 2011); *Oliver v. Ralphs Grocery* Co., 654 F.3d 903 (9th Cir. 2011).   As to the Defendants, Plaintiff seeks preliminary and permanent injunctive relief to enjoin and eliminate the discriminatory practices and barriers that deny full and equal access for disabled persons, and for reasonable statutory attorney fees, litigation expenses and costs.

55.     Wherefore Plaintiff asks this Court to preliminarily and permanently enjoin any continuing refusal by Defendants to grant full and equal access to Plaintiff in the ways complained of and to require Defendants to comply forthwith with the applicable statutory requirements relating to access for disabled persons.  Such injunctive relief is provided by California Health & Safety Code section 19953 and California Civil Code section 55, and other law.  Plaintiff further requests that the Court award damages pursuant to Civil Code section 54.3 and other law and attorney fees, litigation expenses, and costs pursuant to Health & Safety Code section 19953, Civil Code sections 54.3 and 55, Code of Civil Procedure section 1021.5 and other law, all as hereinafter prayed for.

56.     **DAMAGES:**  As a result of the denial of full and equal access to the described facilities and due to the acts and omissions of Defendants in owning, operating, leasing, constructing, altering, and maintaining the subject facilities, Plaintiff has suffered a violation of his civil rights, including but not limited to rights under Civil Code sections 54 and 54.1, and has suffered difficulty, discomfort and embarrassment, and physical, mental and emotional personal injuries, all to his damages per Civil Code section 54.3, including general and statutory damages, as hereinafter stated.  Defendants' actions and omissions to act constitute discrimination against Plaintiff on the basis that he was and is physically disabled and unable, because of the architectural and other barriers created and/or maintained by the Defendants in violation of the

1    subject laws, to use the public facilities on a full and equal basis as other persons.  These

2    violations have deterred Plaintiff from returning to attempt to patronize the Loft and will continue

3    to cause him damages each day these barriers to access continue to be present.

4        57.    **FEES AND COSTS:**  As a result of Defendants' acts, omissions, and conduct,

5    Plaintiff has been required to incur attorney fees, litigation expenses, and costs as provided by

6    statute, in order to enforce Plaintiff's rights and to enforce provisions of the law protecting access

7    for disabled persons and prohibiting discrimination against disabled persons.  Plaintiff therefore

8    seeks recovery of all reasonable attorney fees, litigation expenses, and costs, pursuant to the

9    provisions of Civil Code sections 54.3 and 55, and California Health & Safety Code section

10   19953.  Additionally, Plaintiff's lawsuit is intended to require that Defendants make their

11   facilities accessible to all disabled members of the public, justifying "public interest" attorney

12   fees, litigation expenses and costs pursuant to the provisions of California Code of Civil

13   Procedure section 1021.5 and other applicable law.

14       WHEREFORE, Plaintiff prays for damages and injunctive relief as hereinafter stated.

15                                    <u>**PRAYER**</u>

16       Plaintiff has no adequate remedy at law to redress the wrongs suffered as set forth in this

17   Complaint.  Plaintiff has suffered and will continue to suffer irreparable injury as a result of the

18   unlawful acts, omissions, policies, and practices of the Defendants as alleged herein, unless

19   Plaintiff is granted the relief he requests.  Plaintiff and Defendants have an actual controversy and

20   opposing legal positions as to Defendants' violations of the laws of the United States and the

21   State of California. The need for relief is critical because the rights at issue are paramount under

22   the laws of the United States and the State of California.

23       WHEREFORE, Plaintiff ARTHUR RENOWITZKY prays for judgment and the

24   following specific relief against Defendants:

25       1.    Issue a preliminary and permanent injunction directing Defendants as current

26   owners, operators, lessors, and/or lessees of the subject property and premises to modify the

27   above described property, premises, policies and related facilities to provide full and equal access

28   to all persons, including persons with physical disabilities; and issue a preliminary and permanent

injunction pursuant to ADA section 12188(a) and state law directing Defendants to provide facilities usable by Plaintiff and similarly situated persons with disabilities, and which provide full and equal access, as required by law, and to maintain such accessible facilities once they are provided; to cease any discriminatory policies, and to train Defendants' employees and agents in how to recognize disabled persons and accommodate their rights and needs;

2.    Retain jurisdiction over the Defendants until such time as the Court is satisfied that Defendants' unlawful policies, practices, acts and omissions, and maintenance of physically inaccessible public facilities and policies as complained of herein no longer occur, and cannot recur;

3.    Award to Plaintiff all appropriate damages, including but not limited to statutory damages, general damages, and treble damages in amounts within the jurisdiction of the Court, all according to proof;

4.    Award to Plaintiff all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding as provided by law;

5.    Award prejudgment interest pursuant to Civil Code section 3291; and

6.    Grant such other and further relief as this Court may deem just and proper.

Date: November 14, 2025                    CLEFTON DISABILITY LAW

                                   ____*/s/ Aaron Clefton*____
                                   By AARON CLEFTON, Esq.
                                   Attorneys for Plaintiff
                                   ARTHUR RENOWIZTKY

## JURY DEMAND

Plaintiff hereby demands a trial by jury for all claims for which a jury is permitted.


Date: November 14, 2025                    CLEFTON DISABILITY LAW


                                   ____*/s/ Aaron Clefton*____
                                   By AARON CLEFTON, Esq.
                                   Attorneys for Plaintiff
                                   ARTHUR RENOWITZKY

19